# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| NANCY A. TRAFTON | § | |
| | § | |
| v. | § | 1-18-CV-00580-RP |
| | § | |
| DITECH FINANCIAL, LLC, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion for Judgment on the Pleadings (Dkt. No. 7). Plaintiff Trafton did not file a response. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

In November 2017, Nancy Trafton filed a Petition in state court against Defendants Ditech Financial ("Ditech") and Citizens Bank. Trafton alleges that Citizens Bank, which is the owner and holder of a home equity loan that Trafton received, and Ditech, which is the servicer of the loan, worked improperly to foreclose upon and take possession of Trafton's property, located in Austin, Texas. Trafton also alleges that she was charged closing costs on her loan that were higher than allowed by the Texas Constitution. She also alleges that the notice of intent to accelerate her home equity loan that she received did not state the amount needed to cure the alleged default, as required by Texas law. Trafton brings a number of claims against the defendants, including breach of contract, lender liability-special relationship, usury, request barring foreclosure, and a claim for a declaratory ruling. Ditech filed an answer in state court on July 11, 2018, and then filed a notice of

removal the next day. At that time, and continuing through until today, Citizens Bank has not been served with the petition. About a month after removing the case, Ditech moved for judgment on the pleadings. As noted, there has been no response filed.

When this case was first removed, Trafton's counsel was not added to the case as one of the counsel of record for Trafton because he was not admitted to practice in the Western District of Texas, and had not filed a motion for admission pro hac vice. Immediately after removal, the Clerk of the Court sent counsel a letter informing him that he needed to cure this problem, and informing him that until he did so he would not be listed as counsel, and would not receive electronic filings from the Court or other parties. *See* Dkt. No. 2. Notwithstanding the notice, counsel did not seek admission pro hac vice or have an attorney licensed in this court make an appearance. The certificate of service on Ditech's motion for judgment on the pleadings states that it served a copy of the motion via the Court's CM/ECF system. *See* Dkt. No. 7 at 7. Because Trafton's attorney had not cured his admission problem at this time, and was not listed on the docket sheet, he did not receive a copy of Ditech's motion.

The Court became aware of these facts only recently. And though Trafton's counsel was responsible for not having cured his admission problem, the Court nevertheless entered an order directing the Clerk to email him a copy of Ditech's motion for judgment on the pleadings, and to add him to the docket sheet. In addition, the Court gave Trafton until January 30, 2019, to respond to Ditech's motion for judgment on the pleadings, and until January 23, 2019, for counsel to clear up his admission status. Though counsel resolved the admission status and filed a notice of appearance on January 22, 2019, he has not filed any response to Ditech's motion. The motion, therefore, is unopposed.

## II. LEGAL STANDARD

The standard for a 12(c) motion for judgment on the pleadings is the same as motion to dismiss. "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst.*, 278 F.3d 417, 420 (5th Cir. 2001). In ruling, the district court is confined to the pleadings and must accept all allegations contained therein as true. *Id*. Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Finally, the Court's Local Rules provide that "[i]f there is no response filed" to a motion, "the court may grant the motion as unopposed." Local Rule CV-7(e)(2).

## III. DISCUSSION

Ditech argues that none of the claims in Trafton's lawsuit state a claim on which relief may be granted. The Court agrees. All of Trafton's claims fail under the *Twombly* and *Iqbal* standard because Plaintiff has failed to allege any facts giving rise to any cause of action.

The Court considers first the breach of contract claim. The elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001). For her breach of contract claim, Trafton asserts that the defendants "breached the terms and conditions of the Homestead Equity Loan by charging a rate of interest greater than the rates agreed upon by Plaintiff Nancy." (Dkt. No. 1, Exhibit 1). First, Trafton herself pleads that Ditech was the servicer of the loan, not the lender. Thus, it is not clear what contract Trafton alleges she had with Ditech. But assuming there is a contract between them, Trafton fails to point out what portions of the contract Ditech breached or how it breached it. Furthermore, nothing in Trafton's petition alleges that Trafton has performed under any such contract. Trafton has thus failed to plead at least two of the elements of a breach of contract claim, and her breach of contract claim fails to state a claim.

Trafton's second cause of action alleges that there is a special relationship between Trafton and Ditech. Once again, the most glaring issue with this claim is that Ditech is not the lender in this transaction, but is only the servicer of the loan. Further, Trafton's claim that a home equity creates a "special relationship" under Texas law is inconsistent with settled precedent, which provides that

4

there is "no special relationship between a mortgagor and mortgagee" that gives rise to a stand-alone duty of good faith and fair dealing. *Milton v. U.S. Bank Nat. Ass'n.*, 508 Fed.Appx. 326, 329 (5th Cir. 2013) (citing *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex.App-Corpus Christi 2005)); *Shelby v. Wells Fargo Bank, N.A.*, 2018 WL 3979864, at *7 (N.D. Tex. July 23, 2018). Given that there is no special relationship between a mortgagor and mortgagee under Texas law, Trafton's second cause of action fails to state a claim as well.

Trafton's third cause of action alleges usury, and asserts that Ditech and Citizens Bank charged Trafton interest greater than the amount agreed to in the home equity loan. Here too, the claim fails. Trafton's original petition makes only vague assertions and claims about the Defendants charging an interest rate higher than the rate originally agreed upon. As Ditech notes, Trafton fails to make any specific factual allegations regarding the interest rate that was agreed to, what she was charged, or the amount that was charged unlawfully. Plaintiff fails to articulate a claim that would allow the Court to draw the reasonable inference that Ditech is liable on a claim of usury.

In her fourth cause of action, Trafton alleges that Ditech charged her closing costs greater than the limit allowed by the Texas Constitution, and an amount of interest under the home equity loan that is not allowed. Trafton does not state what the closing costs charged were, nor does she plead the amount she contends they were supposed to have been. She also fails to identify the section of the Texas Constitution she contends Ditech violated, or the amount of interest that was allowed under the loan, compared to the amount she contends was charged. Her pleading is so conclusory and vague, the Court cannot even draw the most basic inference that the Defendants might be liable for this claim.

Finally, Trafton seeks several declaratory rulings from the Court, including declarations of: (1) the correct amount required to cure any alleged default by the Plaintiff, (2) the correct due and unpaid principal amount under the homestead note, (3) the validity of the home equity deed of trust, and (4) the true owner of the home equity loan. As Ditech correctly argues, nothing in plaintiff's cause of action seeking a declaratory ruling provides the Court with any specific act of alleged wrongdoing by Ditech that would warrant such declaratory rulings from the Court. The request for a declaratory judgment therefore fails to state a claim on which relief may be granted.

When a complaint fails to state a claim, a court should generally give plaintiff an opportunity to amend under Rule 15(a) before dismissing the action with prejudice. "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 675-76 (2d Cir. 1991)). With regard to the "special relationship" claim, any amendment would be futile, as Texas law precludes that claim. With regard to the other claims, however, the Court cannot state that amendment would be futile if Trafton can plead, in good faith, a specific factual basis for these claims, as discussed above. Accordingly, the Court recommends that the district judge permit Trafton an opportunity to replead before dismissing the claims under Rule 12(b)(6).

## IV. RECOMMENDATION

Based on the preceding discussion, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT IN PART** and **DENY IN PART** Ditech's Motion for Judgment on the Pleadings (Dkt. No. 7). The Court recommends that the motion be **GRANTED** as to Trafton's

second cause of action against Ditech, alleging the claim of a special relationship, and that claim be **DISMISSED WITH PREJUDICE**; and that the motion be **DENIED** as to all other claims, conditioned on Trafton filing, by a date certain set by the district judge, an amended complaint pleading with the required specificity the facts to support those claims, and stating further that Trafton's failure to file an amended complaint by that deadline will result in those claims being dismissed with prejudice for failure to state a claim.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 7th day of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE