UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NANCY A. TRAFTON, *Plaintiff* | § § § |
| v. | § §   No. A-18-CV-00580-RP |
| NEWREZ LLC, *Defendant* | § § § § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant NewRez LLC's Motion for Summary Judgment, Dkt. 82; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

### I.     BACKGROUND

This lawsuit revolves around a $90,000 home equity loan Plaintiff Nancy Trafton procured in 2006, wherein she pledged her Austin homestead as security for the loan. Dkt. 71, at 4; Dkt. 82-1, at 2, 5-7, 9-21. As part of her loan, Trafton executed a Fixed Rate Consumer Note and Security Instrument ("Note"), and Texas Home Equity Deed of Trust ("Deed of Trust"). Dkt. 82-1, at 5-7, 9-21. Trafton defaulted on her loan in 2010, and her prior loan servicers, Green Tree Servicing LLC ("Green Tree") and Ditech Financial LLC f/k/a Green Tree Servicing, LLC ("Ditech"), sent her notices of default in 2010, 2012, 2014, 2015, and 2016. Dkt. 82-1, at 32-47, 53-74. Green Tree temporarily modified Trafton's interest rate for one year from 2010 to

1

2011, and Trafton applied for a payment modification plan in 2015, but Ditech denied her application as "incomplete"—though Trafton contends that she "provided such documents three times." Dkt. 82-1, at 76, 78; Dkt. 83-1, at 4. Trafton further states in her declaration that NewRez promised her a "fresh start" when it took over service of her loan. Dkt. 83-1, at 4; Dkt. 83-2, at 3.[1]

NewRez states that Trafton made her last full payment on the loan on January 15, 2019, which at that time satisfied past due payments through February 25, 2014. Dkt. 82-1, at 32-47.[2] Trafton, on the other hand, contends that NewRez has rejected approximately $6,977.10 in payments and improperly charged her $1,186.92 in late fees. Dkt. 83-1, at 4.[3] NewRez states that loan servicers continued to pay property taxes and insurance on the property, and as such Trafton owes $64,892.61 for property taxes and insurance paid by Ditech.[4] Dkt. 82-1, at 49-51. Trafton points out,

---

[1] Trafton attached to her response an affidavit signed by her former counsel, Terry P. Gorman, who attested that counsel for NewRez told him that it would provide Trafton with a "fresh start," meaning that "Trafton would not be viewed as being in default" though she would still owe any unpaid payments on her loan. Dkt. 83-2, at 3. Because Gorman's affidavit contains inadmissible hearsay, Gorman's affidavit does not constitute proper summary judgment evidence and should be disregarded. *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (materials cited to support or dispute a fact at the summary judgment phase must be capable of being "presented in a form that would be admissible in evidence"); Fed. R. Civ. P. 56(c)(4) ("declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").
[2] NewRez cited generally to the loan history without providing any pin cites to confirm the existence of a January 15, 2019, payment. *See* Dkt. 82-1, at 32-47.
[3] The undersigned notes that the loan history summary includes at least five entries listed as "unapplied payment" for payments submitted January 15, 2019, which NewRez contends was the last time Trafton submitted a payment on her loan. *See e.g.,* Dkt. 82-1, at 35.
[4] Once again, nothing in the Reinstatement Balance confirms Ditech, or any prior loan servicer, paid property taxes of insurance on Trafton's homestead, though the document does show a total reinstatement figure of $78,920.57, which Trafton contends in her declaration is

2

however, that the deed of trust does not require the loan servicer to pay property taxes and insurance on the homestead and attached to her declaration a document demonstrating that in 2018 the "first lien loan servicer did collect payments from [her] for the payment of property taxes and insurance due for [the] Homestead." Dkt. 82-1, at 13; Dkt. 83-1, at 6, 10-11.

Trafton asserts that the reinstatement balance actually reads as though no past due principal and interest payments are due, since as Ditech contends, its payments due section reflects $64,892.61 for property taxes and insurance paid by Ditech; she fails to grapple with the $78,920.57 reinstatement figure apart from calling it "incorrect." Dkt. 83-1, at 4, 6. Trafton further points out that the loan history NewRez attached to its motion appears to include up to $11,966.92 in legal fees paid to McGlinchey Stafford PLLC, counsel to NewRez in this lawsuit—though the undersigned notes that under the terms of the Deed of Trust, NewRez is entitled to collect attorney's fees incurred in "colleting, enforcing, or protecting [the] Lender's rights." Dkt. 82-1, at 32, 11; Dkt. 83-1, at 5.

Trafton initially brought this lawsuit against Ditech for breach of contract, usury, and requested declarations that Ditech improperly accelerated her Note, and thus has no right to foreclose on her homestead. Dkt. 16, at 7-10. In 2019, Ditech went into Chapter 11 bankruptcy, and NewRez thereafter became the new servicer for Trafton's loan.[5] Dkt. 82-1, at 3. Trafton substituted NewRez as the defendant in this

---

incorrect, and a total payments due balance of $64,892.61, purportedly for property taxes and insurance. Dkt. 82-1, at 40-41; Dkt. 83-1, at 4-5.

[5] *See In re Ditech Holding Corp., et. al.*, No. 19-10412-JLG, ECF Nos. 1326, 1404 (Bankr. S.D.N.Y. 2019).

lawsuit, maintaining that her loan servicers misapplied her loan payments. Dkts. 55, 71. NewRez moved to dismiss Trafton's complaint on the grounds that Trafton cannot maintain a breach of contract claim regarding a contract that she is currently in breach of, and because it believes an injunction issued in Ditech's bankruptcy proceeding precludes claims for monetary relief against the loan servicers. Dkt. 72, at 5-11. The Court denied NewRez's motion to dismiss because, based on Trafton's complaint, it was unclear whether she remained in default of her loan. Dkts. 76, 81. NewRez now moves for summary judgment on the same basis. Dkt. 82.

## II. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary

judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. DISCUSSION

NewRez moves for summary judgment on all of Trafton's claims, arguing that her breach of contract claim must be dismissed based on Trafton's own breaches of the Note and Deed of Trust, and because an injunction in the Ditech bankruptcy proceeding prohibits Trafton from prosecuting any claim "seeking monetary recovery that existed against Ditech." Dkt. 82, at 6-8. NewRez further argues that Trafton's

remaining claims must be dismissed because her request for declaratory relief does not constitute an independent cause of action, and her request for an accounting is a remedy, not a cause of action. *Id.* at 8. Trafton responds that NewRez is not entitled to summary judgement because of a dispute material fact regarding her breach of the loan agreements—Trafton contends that she has cured any breach. Dkt. 83, at 8-13.

The crux of the parties' dispute revolves around whether Trafton is in breach of the loan agreements. *Compare* Dkt. 82, at 6-7; *with* Dkt. 83, at 9-12. If Trafton is in default, she cannot maintain a breach of contract claim against NewRez because "[a] fundamental principle under Texas law is that '[a] party to a contract who is in default cannot maintain a suit for breach of contract.'" *Belknap v. Bank of Am. Home Loans*, No. CIV.A. G-12-198, 2014 WL 2611799, at *4 (S.D. Tex. June 11, 2014) (quoting *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940)). Trafton does not dispute that her breach of the loan agreements would merit the dismissal of her breach of contract claim, but rather argues that NewRez's proffered loan history document is "anything but a history of the Home Equity Loan," and fails to account for her payments curing past due payments through January 1, 2014. Dkt. 83, at 11.

Yet NewRez agrees that Trafton has cured past due payments through February 2014, and instead argues that she has failed to make payments on the loan for any amounts due after 2014. Dkt. 84, at 2 ("Plaintiff's loan remains in default since it is only paid through February 2014 (or January, 2014 per Plaintiff's own declaration)"); *see also* Dkt. 82-1, at 32-46 (loan history). And Trafton has failed to present any competent summary judgment evidence, apart from her own declaration,

6

supporting her contention that she made payments on the loan after the 2019 payment, which covered only past due payments for 2014, or that NewRez rejected those payments or improperly applied such payments. Dkt. 83, at 9-12; *Medlin v. Newman*, 255 F. App'x 892, 893 (5th Cir. 2007) ("an unsupported self-serving declaration is inadequate to overcome a motion for summary judgment"); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." (internal citation removed)).

Because Trafton has not presented competent summary judgment evidence demonstrating that she is not in default of her home equity loan, the undersigned will recommend that the District Court grant NewRez's motion for summary judgment on her breach of contract claim since Trafton cannot maintain a suit for breach of contract regarding a contract that she herself has breached by failing to make payments pursuant to her loan agreements. *Belknap,* 2014 WL 2611799 at *4. Because Trafton's breach of contract claim should be dismissed, the undersigned will also recommend that the District Court grant NewRez's motion for summary judgment on Trafton's declaratory judgment cause of action, and any purported accounting claim. *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 626 (N.D. Tex. 2011) ("[D]eclaratory judgment is merely a form of relief that a court may grant based on an underlying claim."); *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp.

2d 919, 935 (N.D. Tex. 2014) (accounting is an equitable remedy that is not an independent cause of action).

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** NewRez LLC's Motion for Summary Judgment, Dkt. 82, and **DISMISS** Trafton's causes of action.

The referral of this case to the Magistrate Court should now be canceled.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 1, 2022.

                                              DUSTIN M. HOWELL
                                              UNITED STATES MAGISTRATGE JUDGE